■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDY PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered December 18, 1986, convicting her of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The court properly denied suppression of the seized evidence. The record indicates that in regard to the affidavit on which the search warrant was based, the People met the requirements of showing both the basis of the knowledge set forth therein and the reliability of the informant (see, People v Elwell, 50 NY2d 231). Accordingly, the search warrant was based on a showing of probable cause.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The defendant failed to rebut the presumption of possession set forth in Penal Law § 220.25 (2), which under the facts and circumstances of this case clearly applied to her.

The sentence imposed on the defendant was not excessive (see, People v Suitte, 90 AD2d 80) and did not constitute cruel and unusual punishment (see, People v Broadie, 37 NY2d 100, cert denied 423 US 950).

We have reviewed the defendant's remaining contentions

and conclude that they are without merit. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.